**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDEL NAUN-ZUNIGA,

        Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 10-71882

Agency No. A088-353-173

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

    Edel Naun-Zuniga, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Naun-Zuniga failed to establish past persecution or an objectively reasonable fear of future persecution on account of a protected ground, because he did not demonstrate that his attacker was or would be motivated by more than a desire to prevent Naun-Zuniga from avenging his brother's death.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground).  Accordingly, Naun-Zuniga's asylum and withholding of removal claims fail.

Further, substantial evidence supports the agency's denial of CAT protection because Naun-Zuniga failed to demonstrate that he will more likely than not be tortured if he returns to Honduras or that the feared torture would be conducted with the acquiescence of a public official.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**